IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE J. KONCELIK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-C-623 |
| | ) | |
| v. | ) | Judge: Bucklo |
| | ) | Magistrate Judge: Nolan |
| SUNBEAM PRODUCTS, INC. | ) | |
| d/b/a JARDEN CONSUMER | ) | |
| SOLUTIONS | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

### DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions ("Sunbeam" or "Defendant"), for its answer to Plaintiff's Complaint for patent Infringement and Damages, states as follows:

1. This is an action for patent infringement pursuant to 35 U.S.C. §§ 1 *et seq.*

**ANSWER**: Defendant admits that Plaintiff has filed an action alleging patent infringement pursuant to 35 U.S.C. §§ 1 *et seq.*, but denies that it has infringed any valid claim in any patent and further denies that Plaintiff is entitled to any of the relief requested herein.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338 (a).

**ANSWER**: Defendant admits that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S. C. §§ 1331 and 1338(a). Defendant denies the remaining allegations of paragraph 2.

STLD01-1397785-2 718642/1

1

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1400(b).

**ANSWER**: Defendant admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(c). Defendant denies the remaining allegations of paragraph 3.

4. Plaintiff, Lawrence J. Koncelik, Jr. (hereinafter "Koncelik") is a New York citizen having an address of 37 Mile Hill Road, East Hampton, NY 11937.

**ANSWER**: Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and accordingly denies the same.

5. On information and belief, Defendant Jarden Corporation, d/b/a Mr. Coffee (hereinafter "Jarden") is a New York corporation, and its principal place of business is believed to be located at 555 Theodore Fremd Avenue, Suite B-302, Rye, NY 10580.

**ANSWER**: Defendant denies that Jarden Corporation is a New York corporation but admits that its principal place of business is located at 555 Theodore Fremd Avenue, Suite B-302, Rye, NY 10580. However, Defendant Sunbeam notes that it has been substituted by stipulation of the parties for Jarden Corporation.

6. On August 29, 2006, United States Patent No. 7,096,776 (hereinafter "the '776 Patent") entitled Display Device for Beverage Pitcher or Coffee Machine was duly and legally issued to Koncelik. A copy of the '776 patent is attached hereto as Exhibit A.

**ANSWER**: Defendant admits that what appears to be a copy of United States Patent No. 7,096,776 (hereinafter "the '776 Patent") is attached to Plaintiff's Complaint as Exhibit A, and that the same speaks for itself as to its terms and contents. Except as so expressly admitted, Defendant denies the allegations of paragraph 6.

7. On information and belief, Jarden distributes and/or sells the Mr. Coffee "ISTX85," "FIX," "ISS," and "ISX" model coffee makers (collectively "the Infringing Products").

**ANSWER**: Defendant admits that it distributes and/or sells coffee makers and that it uses the terms "ISTX85," "ISS," and "ISX" as at least part of the model numbers of certain of those coffee makers, but denies that any coffee maker it make, uses, sells, imports or offers for sale infringes any valid claim of the '776 Patent. Except as so expressly admitted, Defendant denies the allegations of paragraph 7.

8. On information and belief, Jarden has offered for sale and has sold the Infringing Products in this District.

**ANSWER**: Defendant admits that it (Sunbeam Products, Inc.) has sold coffee makers in this District that incorporate as part of their model numbers the designations identified in paragraph 7 of Plaintiff's Complaint, but denies that the same infringe any valid claim of the '776 Patent. Except as so expressly admitted, Defendant denies the allegations of paragraph 8.

9. During Koncelik's development of his coffee maker and indicator system, Koncelik filed several patent applications covering certain technology relating to the indicator systems used with coffee makers. Some of those concepts are covered by the '776 Patent.

**ANSWER**: Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and accordingly denies the same.

10. On information and belief, all of the Infringing Products, and potentially other Jarden products, infringe the '776 Patent.

**ANSWER**: Denied.

11. Defendant, through its sales of the Infringing Products and other conduct, is directly infringing, inducing others to infringe, and contributing to infringement of the '776 Patent in violation of 35 U.S.C. § 271.

**ANSWER**: Denied.

12. As a result of previous discussions with Koncelik and counsel for Koncelik, Defendant has had actual knowledge of the '776 Patent and despite such knowledge, has continued to engage in acts of infringement of the '776 Patent.

**ANSWER**: Defendant admits that it has had discussions with counsel for Koncelik relating to the '776 Patent and the fact that none of Defendant's products infringe any valid claim of the '776 Patent and, to the extent that Plaintiff tortures the language of the '776 Patent such that any of Defendant's products would be covered by such claims, that the same are invalid and

unenforceable. Defendant now denies and has always denied that any of its products infringe any valid claim of the '776 Patent.

13.     The Defendant's infringing activities have damaged and continue to damage Koncelik.

**ANSWER**:     Denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**  For further answer and as an affirmative defense, Defendant states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense:**  For further answer and as an affirmative defense, Defendant states that it has not infringed and is not infringing, either directly, jointly, or indirectly by inducing infringement or contributing to the infringement of, any valid and enforceable claim of the '776 Patent.

**Third Affirmative Defense:**  For further answer and as an affirmative defense, Defendant states that one or more claims of the '776 Patent is invalid for failure to meet one or more of the conditions of patentability, including those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fourth Affirmative Defense:**  For further answer and as an affirmative defense, Defendant states that Plaintiff's claim for damages are limited or barred by 35 U.S.C. § 286.

**Fifth Affirmative Defense:**  For further answer and as an affirmative defense, Defendant states that Plaintiff's claims for damages are limited or barred by 35 U.S.C. § 287.

**Sixth Affirmative Defense:**  For further answer and as an affirmative defense, Defendant states that Plaintiff is not entitled to the entry of a permanent injunction in this matter.

**Seventh Affirmative Defense:**  For further answer and as an affirmative defense, Defendant states Plaintiff's claims and/or request for remedies are barred in whole or in part by the doctrines of laches, estoppel and/or prosecution history estoppel.

## COUNTERCLAIMS

Defendant/Counterclaimant Sunbeam Products, Inc. counterclaims against Plaintiff as follows:

### The Parties

1. Sunbeam Products, Inc. is a Delaware corporation with its principal place of business at 2381 Executive Center Drive, Boca Raton, FL 33484.

2. Upon information and belief, Plaintiff is a New York citizen having an address of 37 Mile Hill Road, East Hampton, NY 11937.

### Jurisdiction and Venue

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4. This Court has jurisdiction over Sunbeam's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### Count I
### (Declaratory Judgment of Non-Infringement and Invalidity of the '776 Patent)

6. Defendant incorporates by reference, as though expressly stated herein, the allegations set forth in paragraphs 1-5 of its Counterclaims.

7. Plaintiff has alleged that Defendant has been and is now directly, jointly or indirectly infringing, by inducing infringement or contributing to the infringement of, the '776 Patent in the State of Illinois in this judicial district and elsewhere in the United States by, among other things, making, using, selling or offering to sell one or more products that practice one or more claims of the '776 Patent to the injury of Plaintiff. Defendant denies these allegations.

8. An actual case and judiciable controversy exists between Defendant and Plaintiff as to the infringement and validity of the '776 Patent.

9. Defendant is not infringing and has not infringed, either by direct infringement or contributory infringement or induced infringement, any valid and enforceable claim of the '776 Patent.

10. On information and belief, one or more claims of the '776 Patent is invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

11. Defendant requests a declaration that it has not infringed, either by direct infringement or contributory infringement or induced infringement, any valid and enforceable claim of the '776 Patent.

12. Defendant requests a declaration that one or more claims of the '776 Patent is invalid and/or enforceable.

## Demand For Jury Trial

Defendant hereby demands jury trial on all issues so triable.

WHEREFORE, Defendant/Counterclaimant Sunbeam Products, Inc. requests judgment in its favor and against Plaintiff as follows:

 (a) Declaring that Defendant/Counterclaimant has not infringed by direct infringement, contributory infringement, or induced infringement, any valid and enforceable claim of the '776 Patent;

 (b) Declaring that one or more claims of the '776 Patent is invalid and/or enforceable;

 (c) Dismissing the Plaintiff's Complaint with prejudice;

 (d) Declaring this to be exceptional case and awarding Defendant/Counterclaimant its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

 (e) Awarding Defendant such other relief, legal or equitable, to which Defendant may be entitled, or any other relief that this Court deems just and proper.

HUSCH BLACKWELL SANDERS LLP

/s/Gary A. Pierson II
Michael R. Annis (*pro hac vice application pending*)
Gary A. Pierson, II
720 Olive St., 24th Floor
St. Louis, Missouri 63101
Telephone: (314) 345-6000
Facsimile: (314) 345-6060

Attorneys for Defendant Sunbeam Products, Inc.

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this the 31st day of March, 2008, the foregoing was served by operation of the Court's electronic filing system and/or first-class U.S. mail, postage prepaid, upon the following:

| Christopher E. Haigh<br>THE LAW OFFICE OF CHRISTOPHER HAIGH<br>2038 N. Clark, #105<br>Chicago, Illinois 60614 | Geoffrey A Baker<br>Illinois Bar No. 6236658<br>DOWELL BAKER, P.C.<br>229 Randolph Street<br>Oak Park, IL 60302<br>Telephone: (708) 660-1413<br>Facsimile: (312) 873-4466 |
|---|---|

Attorney for Plaintiff Lawrence J. Koncelik, Jr

                                              /s/Gary A. Pierson II