IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE J. KONCELIK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-C-623 |
| | ) | |
| v. | ) | Judge:  Bucklo |
| | ) | Magistrate Judge:  Nolan |
| JARDEN CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1. **MEETING.**

    Pursuant to Fed.R.Civ.P. 26(f), a meeting was held during the period from April 23, 2008 to May 6, 2008 via written correspondence and was attended by:

    Geoffrey A. Baker and Christopher E. Haigh for Plaintiff Lawrence J. Koncelik, Jr.

    Michael R. Annis, Esq. for Defendant Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Sunbeam")

2. **PRE-TRIAL SCHEDULE.**

    The parties jointly propose to the Court the following discovery plan:

    A.  Discovery will be needed on the following subjects:

    - The skill level of the "person having ordinary skill in the art" (PHOSITA) to which the patent-in-suit is directed.

    - Whether or not Defendant's products infringe any valid claim of the patent-in-suit.

    - Whether the claims of the patent-in-suit were anticipated by the prior art.

    - Whether the claims of the patent-in-suit would have been obvious to PHOSITA in light of the prior art.

    - If the alleged claims of the patent-in-suit are "obvious" under 35 U.S.C. § 103, whether any of the "secondary considerations" of *Graham v. John Deere* apply and, if so, whether the same override said obviousness.

1

- Whether Plaintiff is entitled to any damages and, if so, the amount and extent of damages.

- If damages are appropriate, the appropriate methodology for calculating damages.

- Whether damages for Defendant's alleged infringement should be enhanced.

- Whether Plaintiff is entitled to any remedy in this matter.

- Whether the patent-in-suit is enforceable.

- The proper construction or definition of words and/or terms used by the patentee in the asserted claims of the patent-in-suit.

- Whether Sunbeam's alleged infringement is willful.

- Whether this is an exceptional case.

B. The Parties, as expressed to the Court during the initial status conference on May 7, 2008, have differing views of the appropriate schedule for this action. The Parties do, however, agree that presently no more that ten depositions will be necessary on wither side. The Parties also agree that disclosures pursuant to Fed.R.Civ.P. 26(a)(1) should be made by May 21, 2008. Other that that agreed date, the Parties' differing schedules are outlined below:

| EVENT | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Close of Fact Discovery | December 19, 2008 | July 1, 2009 |
| Parties Exchange of Claim Terms to be Construed | June 20, 2008 | October 5, 2008 |
| Parties Exchange of Preliminary Claim Construction | July 11, 2008 | October 19, 2008 |
| Joint Claim Construction and Pre-Hearing Statement Due | July 18, 2008 | November 7, 2008 |
|  |  |  |

| | | |
|---|---|---|
| Opening Claim Construction Briefs Due | July 25, 2008 | November 21, 2008 |
| Responsive Claim construction Briefs Due | August 8, 2008 | December 14, 2008 |
| *Markman* Hearing Ready | August 11, 2008 | December 21, 2008 |
| Burden Expert Reports | January 30, 2009 | March 1, 2009 |
| Rebuttal Expert Reports | February 27, 2009 | May 1, 2009 |
| Close Expert Discovery | March 13, 2009 | NONE |
| Dispositive Motions Due | March 27, 2009 | August 5, 2009 |
| Final Pre-trial Order Draft | April 24, 2009 | October 1, 2009 |
| Final Pre-trial Order Due | May 15, 2009 | November 1, 2009 |
| Trial Ready Date[1] | June 8, 2009 | December 1, 2009 |

3. **SETTLEMENT.**

    A.    Plaintiff made a written settlement demand to Defendant on April 23, 2008.

    B.    Defendant responded to Plaintiff's settlement demand on April 30, 2008.

4. **CONSENT.**

The Parties do not consent unanimously to proceed before a magistrate judge.

---

[1] The Parties do agree that the trial of this action should take approximately 4-5 trial days.

3

5.  **OTHER ISSUES THE PARTIES HAVE AGREED TO.**

   A.  Where service of any document is required by the Federal Rules of Civil Procedure, any method of service may be used, including electronic mail messaging to all counsel of record, subject to Rules 5(b)(2)(E) and Rule 6(d).  The parties acknowledge that service of documents exceeding 5 MB in size may be best accomplished by means other than electronic means.

   B.  The parties will meet and confer to determine when privileged logs will be exchanged, and the contents of any privileged logs.

Dated: May 7, 2008

THE LAW OFFICE OF CHRISTOPHER HAIGH

/s/ Geoffrey A. Baker
Christopher E. Haigh
IP Advisors, Inc.
2038 N. Clark, #105
Chicago, Illinois 60614
Telephone: 312.242.1685
Facsimile: 312.277.9002

and

Geoffrey A Baker
Illinois Bar No. 6236658
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
Telephone: (708) 660-1413
Facsimile: (312) 873-4466

Attorneys for Plaintiff Lawrence J. Koncelik, Jr.

HUSCH BLACKWELL SANDERS LLP

/s/ Michael R. Annis
Michael R. Annis
Illinois Bar No. 6238967
Gary A. Pierson, II
Illinois Bar No. 6270434
720 Olive St., 24th Floor
St. Louis, Missouri 63101
Telephone: (314) 345-6000
Facsimile: (314) 345-6060

Attorneys for Defendant Sunbeam Products, Inc.

5