IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE J. KONCELIK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:08-cv-0623 |
| | ) | |
| v. | ) | Honorable Elaine E. Bucklo |
| | ) | Honorable Magistrate Nan R. Nolan |
| SUNBEAM PRODUCTS, INC. | ) | |
| d/b/a JARDEN CONSUMER | ) | |
| SOLUTIONS. | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff Lawrence J. Koncelik, Jr. and Defendant Sunbeam Productions, Inc. d/b/a Jarden Consumer Solutions (collectively, the "Parties") have agreed upon certain terms set forth in the attached Stipulated Protective Order and that the procedures set forth therein shall apply to all documents and information produced or disclosed in this case.

**IT IS HEREBY ORDERED** as follows:

### PROCEDURE AND DEFINITIONS

1. **DESIGNATION OF CONFIDENTIAL MATERIALS**

    A.  Any party to this action or any third party subject to discovery in this action (hereinafter "designating party") shall have the right to designate any information, document, or thing as "Confidential Information." "Confidential Information" means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during deposition, information revealed in an interrogatory answer or otherwise: (a) which is of a non-public nature, and (b) disclosure of which the disclosing party contends would cause harm to its

business operations or the business operations of a party in privity with the disclosing party, or provide improper advantage to others.

"Confidential Information" shall include the following:

(a) information regarding the Parties' revenues, profits, sales projections, and/or costs and expenses associated with developing its products for sale;

(b) information regarding the Parties' research, development, manufacturing, marketing of the accused infringing products and/or products that incorporate the alleged invention of the patent-in-suit;

(c) information regarding the Parties' manufacturing or other costs of doing business

(d) information regarding the Parties' licenses, or other confidential agreements;

(e) information regarding the Parties' technical details of products or methods of doing business; and

(f) information regarding the Parties' manufacturers and/or suppliers, and/or corporate information, such as relating to mergers acquisitions, and/or asset purchases.

Certain Confidential Information that a designating party believes should only be disclosed to outside independent attorneys of record and their staff employed in connection with this action, the Parties' internal in-house counsel, court personnel and court reporters involved in this action, and outside independent experts retained by the parties who agree in writing to be bound by this protective order, may be designated "Attorneys' Eyes Only." In designating information as "Attorney's Eyes Only," the designating party shall make such a designation only as to materials that the party, in good faith believes constitutes or contains confidential research, development, or commercial information, the disclosure of which information (i) is likely to

STLD01-1440677-1

have the effect of harming the competitive position of the disclosing party or the competitive position of a party in privity with the disclosing party or (ii) would violate an obligation of confidentiality to a third person, including a court.

Copies or excerpts of information contained or summaries, notes or charts containing any information, document or thing designated as "Confidential Information" or "Attorneys' Eyes Only" shall also be treated as "Confidential Information" or "Attorneys' Eyes Only," respectively.

Materials designated "Confidential Information" or "Attorneys' Eyes Only" shall not include any information, document or thing which:

  (i.)  at the time of the disclosure hereunder is available to the public; or

  (ii.)  after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

  (iii.)  the receiving party can show (a) was already known to the receiving party; (b) was independently developed by the receiving party; or (c) was received-by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

  B.  Each document or thing provided to the receiving party, or any portion thereof, each interrogatory answer or portion thereof and each answer to a request for admission or portion thereof which discloses information deemed by the supplying party in good faith to be "Confidential Information" subject to the provisions of this Stipulated Protective Order shall be so designated by affixing thereon the legend "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY." Such designation shall be made at the time when the answer to the interrogatory or the-answer to the request for admission is served, or when the document or thing, or copy thereof, is

STLD01-1440677-1

provided to the receiving party. All documents, or any portion thereof, produced for inspection (but not yet provided to the inspecting party) shall be presumptively deemed to be "Attorneys' Eyes Only" subject to the provisions of this Stipulated Protective Order, regardless of whether so identified by the legend "ATTORNEYS' EYES ONLY," until copies thereof are provided to the inspecting party.

          C.      Portions of deposition transcripts may be designated as "Confidential Information" or "Attorneys' Eyes Only" by any party to this action or by the deponent either (a) on the record during the deposition, or (b) by written notice to all counsel of record within thirty (30) days after the party wishing to make the designation receives the transcript. Pending the expiration of said thirty (30) days, all parties and persons shall presumptively treat the deposition transcript as "Attorneys' Eyes Only." If no portions of the transcript are designated as "Confidential Information" or "Attorneys' Eyes Only" by any party to this action or by the deponent within said thirty (30) days, the transcript shall be considered not to contain any "Confidential Information" or "Attorneys' Eyes Only" information. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legends listed in paragraph 1(B) if written notice is provided within said thirty (30) days. With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Stipulated Protective Order, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as "Confidential Information" or "Attorneys' Eyes Only" under this Stipulated Protective Order.

D.   If inspection, measuring, testing, sampling or photographing of a party's processes, products, equipment, premises or other property pursuant to Rule 34, Fed. R. Civ. P., or by agreement, will reveal or disclose "Confidential Information" or "Attorneys' Eyes Only" information, the producing party shall advise the party or parties seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as "Attorneys' Eyes Only" subject to the terms of this Stipulated Protective Order.  Subject to the provisions regarding inadvertent disclosure (Paragraphs 8(E) and 8(F)), or unless otherwise agreed by the parties to this action or ordered by the Court, any confidentiality is waived if the producing party fails to advise the party or parties seeking the discovery in advance that any inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis.  If photographing or taping of premises, products, equipment, processes or other property is made which the producing entity has advised in advance reveals "Confidential Information," pictures or tapes shall bear the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the photograph or videotape itself, and on any exterior packaging of the same.

2.   **ACCESS TO "CONFIDENTIAL" INFORMATION**

A.   Confidential Information so designated, and information derived therefrom, shall not be disclosed to or used by anyone except the persons specified herein, and by these persons solely for purposes of this litigation.  For the purpose of this paragraph, the term "this litigation" includes dealings between a producing party and an insurer or other third-party having an actual or potential obligation to indemnify or defend the producing party.  No

commercial or other use shall be made of the Confidential Information belonging to the designating party.

        B.      Subject to paragraph 4, below, and any further Order of the Court, information, documents and things designated as "Confidential Information" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    (a)    The board of directors and executive officers of the Parties to this litigation, namely Sunbeam Products, Inc., Jarden Consumer Solutions, and Koncleik, as well as those employees who have a reasonable need of access to the information in order to assist their attorneys in this litigation;

    (b)    Counsel for the Parties, including in-house counsel, and their employees involved in the conduct of this litigation;

    (c)    Experts and consultants retained by any of the Parties who have a need for such information to assist in this litigation;

    (d)    During deposition or trial, to any deposition or trial witness where necessary or relevant to the testimony of such witness (except that such witnesses shall not retain documents containing such information subsequent to their testimony) and reporters/stenographers performing stenographic or videotaping services in connection with the litigation;

    (e)    outside vendors who perform microfiching, photocopying, computer classification, translation, or similar clerical functions in connection with this action, but only for so long as necessary to perform those services

    (f)    the United States District Court for the Northern District of Illinois and Court personnel and reporters; and

    (g)    any other person with the prior, written consent of the designating party.

**3.    ACCESS TO "ATTORNEYS' EYES ONLY" INFORMATION**

Information designated as "Attorneys' Eyes Only" shall only be disclosed to or used by the persons specified in Paragraphs 2 (b), (c), (d), (e), (f) and (g), and by these persons solely for purposes of this litigation.

**4.    OTHER ACCESS TO "CONFIDENTIAL" or ATTORNEYS EYES ONLY" INFORMATION**

The designation of any document as "Confidential Information" or "Attorneys' Eyes Only" shall not preclude any party from showing the document to any person (a) who appears as the author or as an addressee on the face of the document and is not otherwise shown prior to such disclosure not to have received the document, or (b) who has been identified by the designating party as having been provided with the document or with the information therein

**5.    TIME FOR MAKING CONFIDENTIAL DESIGNATIONS**

With the exception of deposition transcripts, as discussed below, designation of any Document as "Confidential" and/or "Attorneys' Eyes Only" must be within ten (10) calendar days of the Document being produced for inspection and identified for copying by one party to another party. Until the expiration of the 5-day period, all documents produced for inspection and/or copying will be treated as "Confidential."

A deposition may be designated confidential by the designating party stating orally on the record at a deposition or during the testimony that certain information is "Confidential Information" or "Attorneys' Eyes Only," or that the entire transcript is so designated, or, following the completion of the deposition, the designating party shall have five (5) days after

STLD01-1440677-1

receipt of each volume to designate portions of the deposition testimony as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY" hereunder. In the event that any question is asked at a deposition in response to which a party asserts that such question calls for the disclosure of Confidential Information and/or Attorneys' Eyes Only information, such question shall nevertheless be answered by the witness fully and completely. Prior to answering, however, all persons present shall be advised of and shall agree to the terms and conditions of this Order and all persons, other than the witness, his counsel if any, the reporters (including any camera operator in the case of videotaped depositions), counsel for the parties in this case, and any other persons to whom such information may be disclosed under paragraph 2 herein, shall leave the room during the time in which this information is disclosed or discussed.

4. **DISCLOSURE TO EXPERTS**

Counsel desiring to disclose Confidential Information or Attorneys Eyes Only Information to any expert must obtain from such expert and any designated assistants of such expert a signed copy of the form attached hereto as Exhibit A prior to disclosing the designated information. Counsel for the party retaining such expert shall retain the original forms signed by the expert and his or her assistants, and need not produce copies of such signed forms to opposing counsel, unless and until there is an issue regarding the expert's compliance with this Order, or the party retaining such expert determines that such expert intends to testify in an expert capacity at trial.

5. **NOTICE OF ORDER AND CONSENT TO BE BOUND**

Prior to receiving, being shown, or using Confidential Information, persons falling in the categories listed in paragraph 2, other than paragraph 2(a), (b), (e), (f) and (g) must be shown a copy of this protective Order, and must agree in writing or orally on the record during deposition

or trial, to be bound by its terms. In addition, experts, consultants and their assistants must sign the undertaking attached hereto as **Exhibit A.**

6. **NOTIFICATION AND CHALLENGE TO DESIGNATIONS**

If any of the Parties challenges the confidentiality designation of any Confidential Information, the party challenging the confidentiality designation may seek appropriate relief from the Court upon notice of at least five (5) calendar days to all interested parties. Any of the Parties and/or non-party has standing to challenge the confidentiality designation, including challenging whether good cause exists for entry of this Protective Order. The party claiming confidentiality will have the burden of proving that the challenged confidentiality designation is appropriate in the circumstances. All interested parties will make best efforts to resolve such disagreements as to confidentiality before submitting them to the Court. The parties acknowledge that sanctions may be awarded in connection with any such motions.

7. **EFFECT ON RESTRICTIONS**

If a motion challenging a confidentiality designation is filed, the provisions of this Protective Order will apply to the Confidential Only Information until the Court decides the motion or the motion is otherwise resolved. Nothing in this Protective Order restricts any of the Parties from using or disclosing its own Confidential Information for any purpose. This Protective Order also does not apply to information that was lawfully in the possession of a third-party or in the public domain before the date of entry of this Protective Order.

**OTHER PROVISIONS**

8. **FILING UNDER SEAL**

Pursuant to Local Rules 5.8 and 26.2 of the District Court for the Northern District of Illinois, if it is necessary to file documents or things containing "Confidential Information" or

"Attorneys' Eyes Only" information for the purpose of motions for summary judgment, or other motions, such documents or things shall be filed with and kept by the Clerk of the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this action, the title "Restricted Document Pursuant to Rule 26.2," an indication of the nature of the contents of the sealed envelope or container, the identity of the party filing the materials, and a statement substantially in the following form:

> This envelope (container) contains documents (things) subject to the Stipulated Protective Order entered in this action.  It is not to be opened nor the contents thereof displayed, revealed, or made public except by written order of the Court.

No such sealed envelope or container shall be opened by any party or person, other than counsel of record, except upon further written order of the Court.  Any such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access and the restrictions upon his or her use or disclosure of such materials.  The foregoing provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court being hand delivered to the Court to assure that the same is brought promptly to the Court's attention.

9. **THIRD PARTY DEPOSITION TESTIMONY / PRODUCTION OF DOCUMENTS**

Any third-party providing deposition testimony or producing documents or things for use in this action may designate such information, documents or things as Confidential Information and avail itself of all provisions of this Stipulated Protective Order to the same extent as a party to this action.

10. **CANCELLATION OF DESIGNATION**

A. The receiving party may request the designating party to remove or re-designate "Confidential Information" or "Attorneys' Eyes Only" information. Such request, shall be by written notice to counsel for the designating party. The written notice shall particularly identify the material or information designated "Confidential Information" or "Attorneys' Eyes Only" that the receiving party seeks to have removed or re-designated. If the dispute cannot be resolved informally within seven (7) business days, a motion for further disclosure or reclassification may be filed with the Court. Pending the Court's determination of any motion contesting a designation of "Confidential Information" or "Attorneys' Eyes Only" information, the material shall be deemed "Confidential Information" or "Attorneys Eyes' Only" as designated. Thereafter, such material shall be treated in accordance with the Court's order. Either party may freely waive its own designation at any time.

B. Any interested member of the public may seek leave of the Court to challenge designation of a document(s) filed under seal as "Confidential Information" or "Attorneys' Eyes Only." In the event that an interested member of the public makes such a challenge the designating party shall be allowed to oppose; in writing, any such challenge.

11. **DISPOSITION OF DESIGNATED MATERIALS AT TERMINATION OF THE CASE**

A. Termination of proceedings shall not relieve any person from the obligations of this Stipulated Protective Order, unless the Court orders otherwise.

B. With respect to any documents or things that have been filed with the Court under the provisions of paragraph 3, upon termination of this action, the ultimate disposition of any such documents or things, including all copies or summaries of or excerpts

STLD01-1440677-1

from such documents which may have been made, shall be as directed by the Court upon completion of the litigation.

    C. With respect to any information, documents or things designated as "Confidential Information" or "Attorneys' Eyes Only" that have not been filed with the Court, within thirty (30) days after the final adjudication of this case including appeals, or resolution through settlement unless otherwise agreed to in writing by an attorney of record for the designating party, each party to this action shall either (a) assemble and return all information and material designated as "Confidential Information" or "Attorneys' Eyes Only," including all copies thereof, to the party or person from whom the "Confidential Information" or "Attorneys' Eyes Only" information was obtained; or (b) certify in writing that all such information and material has been destroyed, except that counsel for the parties to this action may retain copies of the court filings containing "Confidential Information" or "Attorneys' Eyes Only" information, providing that such filings will be held for their internal use only, subject to the continuing obligations imposed by this Stipulated Protective Order.  A party need not destroy or discard documents which it marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."  A party to this action which has disclosed "Confidential Information" or "Attorneys' Eyes Only" documents or things to those parties or persons identified in paragraph 2(B) is responsible for obtaining all documents or things containing "Confidential Information" or "Attorneys' Eyes Only" information from those parties or persons, and for disposing of those documents or things in a manner provided for in this paragraph.

   **12.** **ENSURING COMPLIANCE WITH ORDER**

 Each party shall have the responsibility to advise the designating party of any losses or compromises of the confidentiality of information of documents governed by this Order.

**13.    AMENDMENTS AND EXCEPTIONS BY ORDER OF THE COURT**

This Stipulated Protective Order may be changed by further order of the Court; and without prejudice to the rights of any party to this action, or any third party subject to discovery in this action or any party or individual who agrees to be bound by the terms of this Stipulated Protective Order to move for relief from any of its provisions, or seek agreement of the parties to this action for different or additional protection for any particular information, documents or things.

**14.    GENERAL PROVISIONS**

A.    "Confidential Information" and "Attorneys' Eyes Only" materials shall be held in confidence by each person to whom it is disclosed, shall be used by the receiving party only for purposes of this action and no other purpose, shall specifically not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information under this Stipulated Protective Order. All "Confidential Information" and "Attorneys' Eyes Only" materials shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.    The designation of information, documents or things as "Confidential Information" or "Attorneys' Eyes Only" pursuant to, this Stipulated Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable. Nor shall the inspection or receipt by a party to this action of information, documents or things designated as "Confidential Information" or "Attorneys' Eyes Only" hereunder constitute a concession that the information, documents or things are confidential. If, subsequent to the inspection or receipt of information, documents or things identified as "Confidential Information" or "Attorneys' Eyes Only" hereunder, a party to this

action wishes the Court to rule upon the designating party's claim of confidentiality, that party may move the Court for such determination.

    C.  Nothing in this Stipulated Protective Order shall require disclosure of information, documents or things which the designating party contends is protected from disclosure by the attorney-client privilege or the work-product immunity. This will not preclude any party to this action from moving the Court for an Order directing the disclosure of such information, documents or things.

    D.  Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this action and, in the course thereof, from generally referring to or relying upon his examination or receipt of "Confidential Information" or "Attorneys' Eyes Only" information. In rendering such advice or in otherwise communicating with his client, the attorney shall not disclose the specific content of any information, document or thing identified as "Confidential Information" or "Attorneys' Eyes Only" hereunder by a disclosing party where such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

    E.  The inadvertent or unintentional disclosure by the producing party of information, documents or things which it believes should have been designated as "Confidential Information" or "Attorneys' Eyes Only," regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a producing party through inadvertence produces or

provides discovery of any "Confidential Information" or "Attorneys' Eyes Only" information without marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the producing party may give written notice to the receiving party or parties that the information or material is "Confidential Information" or "Attorneys' Eyes Only" and should be treated in accordance with the provisions of this Stipulated Protective Order. The receiving party or parties must treat such information or material as "Confidential Information" or "Attorneys Eyes Only" from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive "Confidential Information" or "Attorneys' Eyes Only" shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "Confidential Information" or "Attorneys' Eyes Only" and must be treated in accordance with this Stipulated Protective Order.

F. If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the information or material is subject to a claim of attorney-client privilege or work product immunity and request that the information or material be returned to the producing party. The receiving party or parties shall return to the producing party such information or material. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

STLD01-1440677-1

   G. The terms and provisions of this Stipulated Protective Order shall be binding on the parties to this action and their counsel as of the date on which the last party signs ("Effective Date").

   H. This Stipulated Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), to the extent information or material so designated remains "Confidential Information" as defined in paragraph 1 (A) above.

  15. **SCOPE OF PROTECTIVE ORDER**

  If any party, person, or entity receiving Confidential Information or Attorneys' Eyes Only material receives a subpoena or other compulsory process from any person or entity seeking production or other disclosure of such materials, the receiving party shall give prompt written notice of that subpoena or process to the designating party. The purpose of this paragraph is to give the designating party an opportunity to intervene and object to the production. However, nothing hereunder shall prevent a receiving party from complying with any subpoena or Court Order.

  16. **RETENTION OF JURISDICTION**

  The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order, and to enter further orders respecting confidentiality, as may be necessary.

  17. **APPLICATION TO THE COURT**

  This Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any Confidential Information, to apply for an order modifying or limiting this Protective Order in any respect, or to challenge whether good cause exists for the entry of the Protective Order.

AGREED TO this 28th day of July, 2008.

| | |
|---|---|
| /s/ Christopher E. Haigh <br> Christopher E. Haigh <br> Illinois Bar No. <br> THE LAW OFFICE OF CHRISTOPHER HAIGH <br> 2038 N. Clark, #105 <br> Chicago, Illinois 60614 <br> Telephone: (312) 242-1685 <br> Facsimile: (312) 277-9007 <br><br> Attorney for Plaintiff <br> Lawrence J. Koncelik, Jr. | /s/ Michael R. Annis <br> Michael R. Annis <br> Illinois Bar No. 6238967 <br> Gary A. Pierson, II <br> Illinois Bar No. 6270434 <br> HUSCH BLACKWELL SANDERS LLP <br> 720 Olive St., 24th Floor <br> St. Louis, Missouri 63101 <br> Telephone: (314) 345-6000 <br> Facsimile: (314) 345-6060 <br><br> Attorneys for Defendant <br> Sunbeam Products, Inc. |

IT IS SO ORDERED this ____ day of _____, 2008

_____
The Honorable Judge Bucklo

STLD01-1440677-1

**EXHIBIT A – UNDERTAKING**

I, _____ state that:

1. My address is _____
   _____

2. My present employer is _____

3. My present occupation or job description is _____
   _____

4. I have received a copy of the Protective Order in the matter of *Lawrence J. Koncelik, Jr. v. Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions,* pending before the United States District Court for the Northern District of Illinois, Case No. 08-C-623.

5. I have read the Protective Order and I understand its provisions. I affirm that I will comply with all of its provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any information designated "Confidential" or any words, substances, summaries, abstracts, or indices of designated information, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, except to counsel for the party by whom I am retained.

6. I further agree to return all Confidential Information and/or Attorneys' Eyes Only materials that come into my possession (and documents or things that I prepare relating thereto) to the attorneys for the designating party or the party whom I have assisted in this proceeding either before or upon the conclusion of this action.

7. I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by this Court and that the parties may assert other remedies against me. I hereby consent to be subject to personal jurisdiction of the United States District Court for the Eastern District of Missouri in respect to any proceeding relating to the enforcement of the Protective Order, including any contempt proceedings.

_____
Signature

_____
Print Name

DATED this _____ day of _____, 200___.