# EXHIBIT C

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,044 | 06/26/2008 | J 7096776 | 718642.1656 | 8589 |

7590          08/01/2008
MR. WALTER J. TENCZA JR.
10 STATION PLACE
SUITE 3
METUCHEN, NJ 08840

| EXAMINER |
|---|
| FOSTER, JIMMY G |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 08/01/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **ORDER GRANTING/DENYING REQUEST FOR INTER PARTES REEXAMINATION** | 95/001,044 | 7096776 |
| | **Examiner** | **Art Unit** |
| | JIMMY G. FOSTER | 3993 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s):  ☐ PTO-892    ☒ PTO/SB/08    ☐ Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

    ☒ An Office action is attached with this order.

    ☐ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

SAMUEL DIGIROLAMO

HUSCH BLACKWELL SANDERS LLP

720 OLIVE STREET, SUITE 2400

ST. LOUIS, MO 63101

# Transmittal of Communication to Third Party Requester
## *Inter Partes* Reexamination

REEXAMINATION CONTROL NUMBER *95/010,044*.

PATENT NUMBER *7,096,776*.

TECHNOLOGY CENTER *3999*.

ART UNIT *3993*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it <u>cannot</u> be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

PTOL-2070 (Rev.07-04)

Application/Control Number: 95/001,044                                    Page 2
Art Unit: 3993


## DECISION GRANTING INTER PARTES REEXAMINATION


A substantial new question of patentability affecting claims 1-16 of United States Patent Number 7,096,776 to Lawrence J. Koncelik, Jr. (Koncelik '776) is raised by the present Request for *inter partes* reexamination filed on June 26, 2008.


Extensions of time under 37 CFR 1.136(a) will not be permitted in *inter partes* reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to the patent owner in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that *inter partes* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in *inter partes* reexamination proceedings are provided for in 37 CFR 1.956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owner's response is set by statute. 35 U.S.C. 314(b)(3).

Any paper filed with the USPTO, i.e., any submission made, by either the Patent Owner or the Third Party Requester must be served on every other party in the reexamination proceeding, including any other third party requester that is part of the proceeding due to merger of the reexamination proceedings. As proof of service, the party submitting the paper to the Office must attach a Certificate of Service to the paper which sets forth the name and address of the party served and the method of service. Papers filed without the required Certificate of Service may be denied consideration. 37 CFR 1.903; MPEP 2666.06.

Any proposed amendment to the specification and/or claims in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally presented pursuant to 37 CFR 1.52(a) and (b), and must contain any fees required by 37 CFR 1.20(c). Amendments in an *inter partes* reexamination proceeding are made in the same manner that amendments in an *ex parte* reexamination are made. MPEP 2666.01. See MPEP 2250 for guidance as to the manner of making amendments in a reexamination proceeding.

The patent owner is reminded of the continuing responsibility under 37 CFR 1.985(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the patent undergoing reexamination or any related patent throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly inform the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP § 2686 and 2686.04.


1. The Request indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik '776 to be anticipated under 35 U.S.C. § 102 by U. S. Patent No. 3,430,232 to Martin.

2. The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Martin in view of U.S. Patent No. 3,685,692 to Erne, U.S. Patent No. 3,428,218 to Coja, U.S. Patent No. 3,327,615 to Swan, U.S. Patent No. 5,509,349 to Anderson, U.S. Patent No. 5,183,998 to Hoffman, the published User Manual - Mr. Coffee® 12-Cup Coffeemaker ES Series (ES Manual), the published User

Application/Control Number: 95/001,044                                    Page 3

Art Unit: 3993

Manual - Mr. Coffee® 12-Cup Coffeemaker AP Series (AP Manual), the published Operating Instructions for Mr. Coffee® PRX30/33 Coffeemakers (PRX Manual) and/or U.S. Patent No. 5,901,635 to Lucas.

3.  The Request also indicates that requester considers claim 1 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Martin in view of Erne, Coja, Swan, Hoffman, the ES Manual, the AP Manual, and the PRX Manual.

4.  The Request also indicates that requester considers claims 4, 5 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Martin in view of Erne, Coja, Swan, Hoffman, the ES Manual, the AP Manual, the PRX Manual, the published Operating Instructions for the Mr. Coffee® *Speed*brew™ Coffeemaker: DSP (DSP Manual), and Lucas.

5.  The Request also indicates that requester considers claim 14 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Martin in view of Erne, Coja, Hoffman, the ES Manual, the AP Manual, and the PRX Manual.

6.  The Request also indicates that requester considers claim 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Martin in view of Swan, the U.S. Patent Application Publication No. 2002/0020300 to Koncelik (the Koncelik '300 publication), Anderson, the ES Manual, the AP Manual, the PRX Manual, the DSP Manual, and Lucas.

7.  The Request also indicates that requester considers claims 1, 4 and 16 of Koncelik '776 to be anticipated under 35 U.S.C. § 102 by Erne.

8.  The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik to be unpatentable as being obvious under 35 U.S.C. § 103 over Erne in view of Martin, Coja, Swan, Anderson, Hoffman, the ES Manual, the AP Manual, the PRX Manual, the DPS Manual, and/or Lucas

9.  The Request also indicates that requester considers claim 1 of Koncelik '776 to be unpatentable as being obvious under 35 U.S.C. § 103 over Erne in view of Martin, Coja, Swan, Hoffman, the ES Manual, the AP Manual, and the PRX Manual.

10.  The Request also indicates that requester considers claims 4 and 5 of Koncelik '776 to be unpatentable as being obvious under 35 U.S.C. § 103 over Erne in view of Martin, Coja, Swan, the Koncelik '300 publication, Anderson, the ES Manual, the AP Manual, the PRX Manual, the DSP Manual, and Lucas.

11.  The Request also indicates that requester considers claim 14 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Erne in view of Martin, Coja, Anderson, Hoffman, the ES Manual, the AP Manual, the PRX Manual, the DPS Manual, and Lucas

Application/Control Number: 95/001,044                                           Page 4
Art Unit: 3993

12.  The Request also indicates that requester considers claim 16 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Erne in view of Martin, Swan, the
Koncelik '300 publication, Anderson, the ES Manual, the AP Manual, the PRX Manual, the DSP
Manual, and Lucas.

13.  The Request also indicates that requester considers claims 1, 4 and 16 of Koncelik '776 to be
anticipated under 35 U.S.C. § 102 by Coja.

14.  The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik
'776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Coja in view of Martin,
Erne, Swan, Anderson, Hoffman, the ES Manual, the AP Manual, the PRX Manual, the DSP
Manual, and/or Lucas.

15.  The Request also indicates that requester considers claim 1 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Coja in view of Martin, Erne, Swan,
Hoffman, the ES Manual, the AP Manual, the PRX Manual, and the DSP Manual.

16.  The Request also indicates that requester considers claims 4 and 5 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Coja in view of Martin, Erne, Swan,
the Koncelik '300 publication, Anderson, the ES Manual, the AP Manual, the PRX Manual, the
DSP Manual, and Lucas.

17.  The Request also indicates that requester considers claim 14 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Coja in view of Martin, Erne,
Anderson, Hoffman, the ES Manual, the AP Manual, the PRX Manual, the DSP Manual, and
Lucas.

18.  The Request also indicates that requester considers claim 16 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Coja in view of Martin, Swan, the
Koncelik '300 publication, Anderson, the ES Manual, the AP Manual, the PRX Manual, the DSP
Manual, and Lucas.

19.  The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik
'776 to be anticipated under 35 U.S.C. § 102 by Swan.

20.  The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik
'776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Swan in view of Martin,
Erne, Coja, Hoffman, the ES Manual, the AP Manual, the PRX Manual, the DSP Manual, and/or
Lucas.

21.  The Request also indicates that requester considers claim 1 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Swan in view of Martin, Erne, Coja,
Hoffman, the ES Manual, the AP Manual, the PRX Manual, the DSP Manual, and Lucas.

Application/Control Number: 95/001,044                                    Page 5

Art Unit: 3993

22.  The Request also indicates that requester considers claims 4 and 5 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as obvious over Swan in view of Martin, Erne, Coja,
the Koncelik '300 publication, Hoffman, Anderson, the ES Manual, the AP Manual, the PRX
Manual, the DSP Manual, and Lucas.

23.  The Request also indicates that requester considers claim 14 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Swan in view of Martin, Erne, Coja,
Anderson, Hoffman, the ES Manual, the AP Manual, the PRX Manual, the DSP Manual, and
Lucas.

24.  The Request also indicates that requester considers claim 16 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Swan in view of Martin, the Koncelik
'300 publication, Anderson, the ES Manual, the AP Manual, the PRX Manual, the DSP Manual,
and Lucas.

25.  The Request also indicates that requester considers claims 1-16 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over the Koncelik '300 publication in view
of Martin, Erne, Coja, Swan, Hoffman, the ES Manual, the AP Manual, and/or the PRX Manual.

26.  The Request also indicates that requester considers claim 1 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over the Koncelik '300 publication in view
of Martin, Erne, Coja, Swan, Hoffman, the ES Manual, the AP Manual, and the PRX Manual.

27.  The Request also indicates that requester considers claims 2-13, 15 and 16 of Koncelik '776
to be unpatentable under 35 U.S.C. § 103 as being obvious over the Koncelik '300 publication.

28.  The Request also indicates that requester considers claim 14 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over the Koncelik '300 publication in view
of Martin, Erne, Coja, Anderson, Hoffman, the ES Manual, the AP Manual, and the PRX
Manual.

29.  The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik
'776 to be anticipated under 35 U.S.C. § 102 by Anderson.

30.  The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik
'776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Anderson in view of
Martin, Erne, Coja, Swan, Hoffman, the ES Manual, the AP Manual, and/or the PRX Manual.

31.  The Request also indicates that requester considers claim 1 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Anderson in view of Martin, Erne,
Coja, Swan, Hoffman, the ES Manual, the AP Manual, and the PRX Manual.

32.  The Request also indicates that requester considers claims 4 and 5 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Anderson in view of Martin, Erne,

Coja, Swan, the Koncelik '300 publication, the ES Manual, the AP Manual, and/or the PRX Manual, the DSP Manual, and Lucas.

33. The Request also indicates that requester considers claim 14 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Anderson in view of Martin, Erne, Coja, , Hoffman, the ES Manual, the AP Manual, and/or the PRX Manual.

34. The Request also indicates that requester considers claim 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Anderson in view of Martin, Swan, the Koncelik '300 publication, the ES Manual, the AP Manual, and/or the PRX Manual, the DSP Manual, and Lucas.

35. The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Hoffman in view of Martin, Erne, Coja, Swan, the Koncelik '300 publication, the ES Manual, the AP Manual, and the PRX Manual, the DSP Manual, and/or Lucas.

36. The Request also indicates that requester considers claim 1 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Hoffman in view of Martin, Erne, Coja, the Koncelik '300 publication, Anderson, the ES Manual, the AP Manual, and the PRX Manual, the DSP Manual, and/or Lucas.

37. The Request also indicates that requester considers claims 4, 5 and 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Hoffman in view of Martin, Erne, the Koncelik '300 publication, the ES Manual, the AP Manual, and the PRX Manual, and the DSP Manual.

38. The Request also indicates that requester considers claim 14 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Hoffman in view of Martin, Erne, Coja, Anderson, the ES Manual, the AP Manual, and the PRX Manual, the DSP Manual, and Lucas.

39. The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik '776 to be anticipated under 35 U.S.C. § 102 by the ES Manual.

40. The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the ES Manual in view of Martin, Erne, Coja, Swan, Hoffman, the AP Manual, the PRX Manual, and/or Lucas.

41. The Request also indicates that requester considers claim 1 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the ES Manual in view of Martin, Erne, Coja, Swan, Hoffman, the AP Manual, and the PRX Manual.

Application/Control Number: 95/001,044                                    Page 7
Art Unit: 3993

42. The Request also indicates that requester considers claims 4 and 5 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the ES Manual in view of Martin, Erne, Coja, Swan, the Koncelik '300 publication, Anderson, the AP Manual, the PRX Manual, the DSP Manual, and Lucas.

43. The Request also indicates that requester considers claim 14 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the ES Manual in view of Martin, Erne, Coja, Anderson, Hoffman, the AP Manual, and the PRX Manual.

44. The Request also indicates that requester considers claim 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the ES Manual in view of Martin, Swan, the Koncelik '300 publication, Anderson, the AP Manual, the PRX Manual, the DSP Manual, and Lucas.

45. The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the AP Manual in view of Martin, Erne, Coja, Swan, Hoffman, the ES Manual, and/or the PRX Manual.

46. The Request also indicates that requester considers claim 1 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the AP Manual in view of Martin, Erne, Coja, Swan, Hoffman, the ES Manual, and/or the PRX Manual.

47. The Request also indicates that requester considers claims 4, 5 and 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103[1] as being obvious over the AP Manual.

48. The Request also indicates that requester considers claim 14 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the AP Manual in view of Martin, Erne, Coja, Anderson, Hoffman, the ES Manual, and the PRX Manual.

49. The Request also indicates that requester considers claims 1, 4, 5, 14 and 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the PRX Manual in view of Martin, Erne, Coja, Swan, the Koncelik '300 publication, Hoffman, Anderson, the ES Manual, the AP Manual, the DSP Manual, and/or Lucas.

50. The Request also indicates that requester considers claim 1 Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the PRX Manual in view of Martin, Erne, Coja, the Koncelik '300 publication, Anderson, the ES Manual, the AP Manual, the DSP Manual, and Lucas.

51. The Request also indicates that requester considers claims 4, 5 and 16 of Koncelik '776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the PRX Manual in view of Martin, Erne, the Koncelik '300 publication, the ES Manual, the AP Manual, and the DSP Manual.

---

[1] Regarding claim 16 the Request appears to refer incorrectly to 35 U.S.C. 102, which would be relevant to anticipation and not obviousness.

52.  The Request also indicates that requester considers claim 14 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over the PRX Manual in view of Martin,
Erne, Coja, the Koncelik '300 publication, Anderson, the ES Manual, the AP Manual, the DSP
Manual, and Lucas.

53.  The Request also indicates that requester considers claims 1, 2, 4-6 and 14-16 of Koncelik
'776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the DSP Manual in view of
Martin, Erne, Coja, Swan, the Koncelik '300 publication, Hoffman, the ES Manual, the AP
Manual, and/or the PRX Manual.

54.  The Request also indicates that requester considers claim 1 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over the DSP Manual in view of Martin,
Erne, Coja, Swan, the Koncelik '300 publication, Hoffman, the ES Manual, the AP Manual, and
the PRX Manual.

55.  The Request also indicates that requester considers claims 2, 4, 5, 6, 15 and 16 of Koncelik
'776 to be unpatentable under 35 U.S.C. § 103 as being obvious over the DSP Manual.

56.  The Request also indicates that requester considers claim 14 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over the DSP Manual in view of Martin,
Erne, Coja, the Koncelik '300 publication, Anderson, Hoffman, the ES Manual, the AP Manual,
and the PRX Manual.

57.  The Request also indicates that requester considers claims 1, 2, 4-6 and 14-16 of Koncelik
'776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Lucas in view of Martin,
Erne, Coja, Swan, the Koncelik '300 publication, Hoffman, the ES Manual, the AP Manual, the
PRX Manual, and/or the DSP Manual.

58.  The Request also indicates that requester considers claims 2, 4, 5, 6, 15 and 16 of Koncelik
'776 to be unpatentable under 35 U.S.C. § 103 as being obvious over Lucas.

59.  The Request also indicates that requester considers claim 14 of Koncelik '776 to be
unpatentable under 35 U.S.C. § 103 as being obvious over Lucas in view of Martin, Erne, Coja,
the Koncelik '300 publication, Anderson, Hoffman, the ES Manual, the AP Manual, the PRX
Manual, and the DSP Manual.[2]

---

[2] Regarding each of the Koncelik '300 publication, Hoffman, the AP Manual, the
PRX Manual, the DSP Manual, and Lucas, it is stated in the Request that
Claims 1 and 14 are anticipated by the reference or are made obvious by the
reference in connection with other references (see Request, pages 20, 23, 25,
26, 27 and 28).  However, it is noted there has been no effort in the Request
to present the case of anticipation of claims 1 and 14 by these references
(see Claim Charts FF, HH, and JJ-MM; Request pages 100-103, 106-110, 125-130,
132-139, 154-192).

Application/Control Number: 95/001,044                                    Page 9
Art Unit: 3993

THE DECISION

It is agreed that the consideration of Martin raises a substantial new question of patentability as
to claims 1, 4, 5, 14 and 16 of Koncelik '776, and the consideration of Martin in various
combinations with other teachings (see reference combinations 2-6, 8-12, 14-18, 20-26, 28, 30-
38, 40-46, 48-54, 56, 57 and 59, above) raises a substantial new question of patentability to
claims 1-16. More specifically, and substantially as pointed out on pages 13-14 of the Request,
Martin discloses an indicator device at light 28 that may be manually moved from a first
location/state, wherein it will indicate a first type of beverage, e.g., a "Mild" strength coffee, to a
second location/state wherein it will indicate a second type of beverage, e.g., "Medium" strength
coffee. Martin further discloses a control means 18 that accomplishes sequential energization of
heaters 16 and 17 and additionally will de-energize the indicator, thus, defining a third state upon
the *time* of completion of the brew cycle. This is relevant to the claimed subject matter of
Koncelik '776 which claims an indicator device that can be placed in a first or second state to
indicate a first or second type beverage respectively, in combination with a timer circuit that,
after a certain period of time, will place the indicator device in the third state no longer providing
indication of the type of beverage. Accordingly, there is a substantial likelihood that a
reasonable examiner would have considered Martin to be important in deciding whether the
claims 1-16 are patentable.

        Further, inasmuch as the reference of Martin was not considered by the examiner of the
application for the Koncelik '776 patent, it raises a substantial new question of patentability.

It is also agreed that the consideration of Erne raises a substantial new question of patentability
as to claims 1, 4 and 16 of Koncelik '776, and the consideration of Erne in various combinations
with other teachings (see reference combinations 2-5, 8-12, 14-17, 20-23, 25, 26, 28, 30-33, 35-
38, 40-43, 45, 46, 48-54, 56, 57 and 59, above) raises a substantial new question of patentability
to claims 1-16. More specifically, and substantially as pointed out on pages 14-16 of the
Request, Erne discloses a beverage dispenser having buttons 20-25 each for selecting a beverage
from several kinds of beverages to be dispensed. When a button is selected, it becomes lit by a

lamp 73 and stays lit thereby until completion of the dispensing of the beverage. Further, the dispensing of beverage is controlled by a timing circuit 75. This is relevant to the claimed subject matter of Koncelik '776 which claims an indicator device that can be placed in a first or a second state to indicate a first or a second type beverage respectively, in combination with a timer circuit that, after a certain period of time, will place the indicator device in the third state no longer providing indication of the type of beverage. Accordingly, there is a substantial likelihood that a reasonable examiner would have considered Erne to be important in deciding whether the claims 1-16 are patentable.

Further, inasmuch as the reference of Erne was not considered by the examiner of the application for the Koncelik '776 patent, it raises a substantial new question of patentability.

It is also agreed that the consideration of Coja raises a substantial new question of patentability as to claims 1, 4 and 16 of Koncelik '776, and the consideration of Coja in various combinations with other teachings (see reference combinations 2-5, 8-11, 14-18, 20-23, 25, 26, 28, 30-33, 35, 36, 38, 40-43, 45, 46, 48-50, 52-54, 56, 57 and 59, above) raises a substantial new question of patentability to claims 1-16. More specifically, and substantially as pointed out on pages 16-18 of the Request, Coja discloses a drink dispenser with plural beverages buttons each for selecting a drink from several different types of drinks. Pressing a beverage button will cause dispensing from a particular bottle while a head 13 over that bottle will become illuminated by a light 85. Thus, Coja has provides an indicator device that permits an operator to select a first or second state. It is apparent that the light 85 lights the head only when the liquid is being dispensed from the respective bottle (see col. 4, lines 58-65; col. 7, lines 70-75) A capacitor 99 provides a predetermined period/timing of discharge for determining the quantity of liquid that is dispensed from the bottle. Thus, the light 85 will go out, which is a third state - non-indication - in response to the capacitor 99 reaching a discharged state that determines conclusion of dispensing from the bottle. This is relevant to the claimed subject matter of Koncelik '776 which claims an indicator device that can be placed in a first or second state to indicate a first or second type beverage respectively, in combination with a timer circuit that, after a certain period of time, will place the indicator device in the third state no longer providing indication of the type of

beverage. Accordingly, there is a substantial likelihood that a reasonable examiner would have considered Coja to be important in deciding whether the claims 1-16 are patentable.

Further, inasmuch as the reference of Coja was not considered by the examiner of the application for the Koncelik '776 patent, it raises a substantial new question of patentability.

It is also agreed that the consideration of Swan raises a substantial new question of patentability as to claims 1, 4 and 16 of Koncelik '776, and the consideration of Swan in various combinations with other teachings (see reference combinations 2-4, 6, 8-10, 12, 14-16, 18, 20-26, 30-32, 34, 35, 40-42, 44-46, 49, 53, 54 and 57, above) raises a substantial new question of patentability to claims 1-16. More specifically, and substantially as pointed out on pages 18-19 of the Request, the apparatus of Swan includes two beverage buttons, including button 24 for coffee and button 26 for hot water (which is ultimately used for hot tea). As particularly explained by Requester, each button 24, 26 when it is pressed provides its own visual indication of the type of beverage selected. Thus, the combination having the buttons constitutes an indicator device able to selectively indicate any one of two states regarding beverages of different type. Additionally, the apparatus of Swan has a timer, including a timer motor 112, a timer switch 115, and a conductive arm 116 which is carried on a shaft 114, used for timing the preparation and/or dispensing of the selected beverage. Thus, Swan associates a timer in the same device with a beverage indicator. Such a combination is relevant to the claimed subject matter of Koncelik '776 which claims an indicator device that can be placed in a first or second state to indicate a first or second type beverage respectively, in combination with a timer circuit. Accordingly, there is a substantial likelihood that a reasonable examiner would have considered Swan to be important in deciding whether the claims 1-16 are patentable.

Further, inasmuch as the reference of Swan was not considered by the examiner of the application for the Koncelik '776 patent, it raises a substantial new question of patentability.

It is also agreed that the consideration of the Koncelik '300 publication in various combinations with other teachings (see reference combinations 6, 10, 12, 16, 18, 22, 25-28, 32, 34-37, 42, 44, 49-54, 56, 57 and 59, above) raises a substantial new question of patentability as to claims 1-16 of Koncelik '776. More specifically, and substantially as pointed out on pages 19-21 of the

Application/Control Number: 95/001,044                                    Page 12
Art Unit: 3993

Request, the apparatus of the Koncelik '300 publication comprises an indicator device 117, 118
or 119, respectively in each of three embodiments 100, 200, 300 (see Figs. 3, 4, 5) that indicates
whether the beverage in a coffee maker is regular coffee or decaffeinated coffee and that is
selectively placed in one of two states for making said indication, as required in claims 1 and 14
of Koncelik '776. Regarding claims 2, 6 and 15, the Koncelik '300 publication teaches
indicating "Decaf" or "Coffee" (see Fig. 3). Regarding claims 4, 5 and 16 the Koncelik '300
publication further teaches providing indication with alphanumeric characters (see Fig. 1-3) on a
coffee pot (see Figs. 1 and 2). Regarding claims 7 and 8, the Koncelik '300 publication further
teaches using first and second lights in association with first and second buttons (see Para.
[0025]). Regarding claim 9, the Koncelik '300 publication teaches using colored lights for
differentiating between coffee and decaf (see para. [0027]). Regarding claim 10, the Koncelik
'300 publication further teaches using a button to toggle between first and second colored lights
(see para. [0027]). Regarding claim 11, the Koncelik '300 publication further teaches providing
a digital display indicating whether the beverage is caffeinated or decaffeinated coffee (see para.
[0029]). Regarding claim 12, the Koncelik '300 publication further teaches using a button to
toggle between digital displays indicating caffeinated or decaffeinated coffee (see para. [0029]).
Regarding claim 13, the Koncelik '300 publication further teaches providing an indicator on a
coffee machine having a spigot switch for dispensing beverage (see para. [0036]).
Consideration of the Koncelik '300 publication with other teachings regarding providing a timer
device on a beverage maker, as for example in Martin, Erne, Coja, Swan, Anderson, Hoffman,
the ES Manual, the AP Manual, and the PRX Manual, would be relevant to the claimed subject
matter of Koncelik '776 which claims an indicator device that can be placed in a first or second
state to indicate a first or second type beverage respectively, in combination with a timer circuit.
Accordingly, there is a substantial likelihood that a reasonable examiner would have considered
the Koncelik '300 publication to be important in deciding whether the claims 1-16 are
patentable.

        Although the Koncelik '300 publication relates to the parent provisional application of
U.S. Patent No. 6,564,696, which was considered by the examiner of the Application for patent,
there is no indication that the previous examiner considered the Koncelik '300 publication,
which unlike U.S. Patent No. 6,564,696, was issued more than a year prior to the filing of the

Application/Control Number: 95/001,044                                    Page 13
Art Unit: 3993

application for the Koncelik '776 patent. Thus, there is also no record of the Koncelik '300
publication being considered with other art which teaches providing timer devices in a beverage
apparatus along with selective means for indicating a type of beverage. Accordingly, the
Koncelik '300 publication in combination with the other prior art, indicated above, raises a
substantial new question of patentability with regard to claims 1-16 of Koncelik '776.

It is also agreed that the consideration of the Anderson, alone and in various combinations with
other teachings (see reference combinations 2, 6, 8, 10-12, 14-18, 22-24, 28-34, 36, 38, 42-44,
48-50, 52, 56 and 59, above) raises a substantial new question of patentability of claims 1, 4, 5,
14 and 16 of Koncelik '776. More specifically, and as substantially as pointed out on pages 21-
22 of the Request, Anderson teaches an apparatus including buttons 9-3 to 9-8 for selecting
different beverages to brew, such as cappuccino or latte. The apparatus additionally includes a
display window 9-16 indicating the type of beverage that has been selected, thus placing the
indicator in one of several states with regard to beverage type. Further, the device includes
timers that operate during the process of the *pour cycle* with regard to the grinding and milk
processes, and when the pour cycle is finished, the display 9-16 apparently resets to a third state
in which the "SELECT DRINK" message is displayed to replace the previous indication of
beverage. Additionally, there is provided a watchdog timer in the apparatus which will operate
to re-initialize the display (see col. 13, lines 32-37). These teachings are relevant to the claimed
subject matter of Koncelik '776 which claims an indicator device that can be placed in a first or
second state to indicate a first or second type beverage respectively, in combination with a timer
circuit that, after a certain period of time, will place the indicator device in the third state no
longer providing indication of the type of beverage. Accordingly, there is a substantial
likelihood that a reasonable examiner would have considered Anderson to be important in
deciding whether the claims 1-16 are patentable.

   Although Anderson was of record in the application for the Koncelik '776 patent,
Applicant did comment on Anderson and the examiner of the application did not discuss
Anderson. Thus, there is no evidence that the combination of display and timer features of
Anderson was considered by the examiner. Therefore, teachings of Anderson as pointed out

above and in the Request raise a substantial new question of patentability with regard to claims 1-16

It is also agreed that the consideration of the Hoffman in various combinations with other teachings (see reference combinations 2-5, 8, 9, 11, 14, 15, 17, 20-23, 25, 26, 28, 30, 31, 33, 35-38, 40, 41, 43, 45, 46, 48, 49, 53, 54, 56, 57 and 59, above) raises a substantial new question of patentability as to claims 1-16 of Koncelik '776, for the reasons substantially as pointed out on page 23 of the Request. More specifically, Hoffman teaches associating a shut-off timer with a coffee maker for automatically shutting off the coffee maker after a user selected time. A consideration of this teaching in combination with other teachings for providing a beverage indicator on a coffee machine would be relevant to the claimed subject matter of Koncelik '776 which claims an indicator device that can be placed in a first or second state to indicate a first or second type beverage respectively, in combination with a timer circuit that, after a certain period of time, will place the indicator device in the third state no longer providing indication of the type of beverage. Accordingly, there is a substantial likelihood that a reasonable examiner would have considered Hoffman with other teachings to be important in deciding whether the claims 1-16 are patentable.

Although Hoffman was of record in the application for the Koncelik '776 patent, Applicant did comment on Hoffman and the examiner of the application did not discuss Hoffman. Thus, there is no evidence that the display features of other art and the timer features of Anderson were considered by that examiner. Therefore, teachings of Hoffman as pointed out above and in the Request raise a substantial new question of patentability with regard to claims 1-16

It is agreed that the consideration of the ES Manual raises a substantial new question of patentability as to claims 1, 4, 5, 14 and 16 of Koncelik '776, and the consideration of the ES Manual in various combinations with other teachings (see reference combinations 2-6, 8-12, 14-18, 20-26, 28, 30-38, 40-46, 48-54, 56, 57 and 59, above) raises a substantial new question of patentability to claims 1-16, as indicated on pages 23-24 of the Request. More specifically, the ES Manual teaches a coffeemaker having programmable controls to slow the brewing cycle for

Application/Control Number: 95/001,044                                      Page 15
Art Unit: 3993

brewing 1-4 cups, which if used for brewing 8-12 cups, is considered to produce a stronger,
darker coffee, thus providing a brewing adjustment to meet one's taste preference (see pages 5
and 13). To set to the 1-4 Cups brewing cycle, the SELECT button is pressed until the indicator
light is illuminated (*id*). Additionally, the coffee maker is provided an on/off indicator (see page
6). Thus, the indicator device will indicate weaker coffee when the on/off indicator is lit and the
1-4 Cup indicator is off. By contrast, the indicator device will indicate strong coffee when the
on/off indicator is lit and the 1-4 Cups indicator is also lit. Further taught is that the coffee
maker is provided with a safety feature in the form of a two-hour shut-off timer, whereby coffee
is warmed by the coffee maker until automatically turned off (see page 5). These teachings are
relevant to the claimed subject matter of Koncelik '776 which combines features in a coffee
maker, including an indicator device, which can be placed in a first or second state to indicate a
first or second type beverage respectively, and a timer circuit. Accordingly, there is a substantial
likelihood that a reasonable examiner would have considered the ES Manual to be important in
deciding whether the claims 1-16 are patentable.

Further, inasmuch as the reference of the ES Manual was not considered by the examiner
of the application for the Koncelik '776 patent, it raises a substantial new question of
patentability.

It is agreed that the consideration of the AP Manual in various combinations with other teachings
(see reference combinations 2-6, 8-12, 14-18, 20-26, 28, 30-38, 40-54, 56, 57 and 59, above)
raises a substantial new question of patentability as to claims 1-16 of Koncelik '776, as indicated
on pages 25-26 of the Request.   More specifically, the AP Manual teaches combining a timed
shut-off feature on a coffee maker (see the AP Manual, page 5) with an indicator that can
indicate adjusted strength coffee is being brewed. Regarding the indicator for adjusted strength
coffee, it is actually an indicator for brewing 1-4 cups, or for adjusting the brewing when 8-12
cups are instead being made (*id*). These features are relevant to the claimed subject matter of
Koncelik '776 which claims an indicator device that can be placed in a first or second state to
indicate a first or second type beverage respectively, in combination with a timer circuit that,
after a certain period of time, will place the indicator device in the third state no longer providing
indication of the type of beverage. Accordingly, there is a substantial likelihood that a

Application/Control Number: 95/001,044                                    Page 16
Art Unit: 3993

reasonable examiner would have considered the AP Manual to be important in deciding whether the claims 1-16 are patentable.

Further, inasmuch as the reference of the AP Manual was not considered by the examiner of the application for the Koncelik '776 patent, it raises a substantial new question of patentability.

It is agreed that the consideration of the PRX Manual in various combinations with other teachings (see reference combinations 2-6, 8-12, 14-18, 20-26, 28, 30-38, 40-46, 48-54, 56, 57 and 59, above) raises a substantial new question of patentability as to claims 1, 4, 5, 14 and 16 of Koncelik '776, as indicated on pages 26-27 of the Request.  More specifically, the PRX Manual teaches brewing optimally saturated coffee by pressing the SELECT button until the AUTO START light and the 1-4 CUP light are both lit (see page 5).  Not selecting the 1-4 CUP indication will therefore signify a brewing of a weaker cup of coffee.  The SELECT button can also be pressed to turn on the red ON indicator light to start brewing coffee, and the ON light will stay illuminated even after brewing has completed (see page 6).   Thus, the indicator device on the coffee maker has ability to indicate two types of beverage - stronger and weaker. Additionally, the device includes a timer that will shut off the coffee maker and apparently the indicators thereof (*id*), causing a third state regarding the indicator device.  These described features are relevant to the claimed subject matter of Koncelik '776 which claims an indicator device that can be placed in a first or second state to indicate a first or second type beverage respectively, in combination with a timer circuit that, after a certain period of time, will place the indicator device in the third state no longer providing indication of the type of beverage. Accordingly, there is a substantial likelihood that a reasonable examiner would have considered the PRX Manual to be important in deciding whether the claims 1-16 are patentable.

Further, inasmuch as the reference of PRX Manual was not considered by the examiner of the application for the Koncelik '776 patent, it raises a substantial new question of patentability.

It is agreed that the consideration of the DSP Manual in various combinations with other teachings (see reference combinations 4, 6, 8, 10-12, 14-18, 20-24, 32, 34-38, 42, 44, 49-57 and

59, above) raises a substantial new question of patentability as to claims 1, 2, 4-6 and 14-16 of Koncelik '776, as indicated on pages 27-28 of the Request. More specifically, the DSP Manual teaches using a brew control dial to select regular coffee or decaffeinated coffee. Such a dial will also act as an indicator having two states, in which the first state indicates a first type of beverage (regular) and the second state indicates a second type of beverage (decaffeinated). A consideration of this teaching combined with other teachings regarding employing a timer circuit in a beverage maker and using lights to indicate beverage type would be relevant to the claimed subject matter of Koncelik '776 which claims an indicator device that can be placed in a first or second state to indicate a first or second type beverage respectively, in combination with a timer circuit that, after a certain period of time, will place the indicator device in the third state no longer providing indication of the type of beverage. Accordingly, there is a substantial likelihood that a reasonable examiner would have considered the DSP Manual to be important in deciding whether the claims 1, 2, 4-6 and 14-16 are patentable.

Further, inasmuch as the reference of the DSP Manual was not considered by the examiner of the application for the Koncelik '776 patent, it raises a substantial new question of patentability.

It is agreed that the consideration of Lucas in various combinations with other teachings (see reference combinations 2, 4, 6, 8, 10-12, 14, 16-18, 20-24, 32, 34-36, 38, 40, 42, 44, 49, 50, 52, 58 and 59, above) raises a substantial new question of patentability as to claims 1, 2, 4-6 and 14-16 of Koncelik '776, as indicated on page 29 of the Request. More specifically, Lucas discloses a coffee maker having a control dial for selecting whether regular or decaffeinated coffee is to be brewed. Such a dial will also define an indicator having two states/positions, in which the first state indicates a first type of beverage (regular) and the second state indicates a second type of beverage (decaffeinated). A consideration of this teaching combined with other teachings regarding employing a timer circuit in a beverage maker and using lights to indicate beverage type would be relevant to the claimed subject matter of Koncelik '776 which claims an indicator device that can be placed in a first or second state to indicate a first or second type beverage respectively, in combination with a timer circuit that, after a certain period of time, will place the indicator device in the third state no longer providing indication of the type of beverage.

Application/Control Number: 95/001,044                                    Page 18
Art Unit: 3993

Accordingly, there is a substantial likelihood that a reasonable examiner would have considered Lucas to be important in deciding whether the claims 1, 2, 4-6 and 14-16 are patentable.

Further, inasmuch as the reference of Lucas was not considered by the examiner of the application for the Koncelik '776 patent, it raises a substantial new question of patentability.

It is noted that an issue not within the scope of reexamination proceedings has been raised in the Request. More specifically, pages 4, 5, 12, 29 and 193 in the Request raise an issue under 35 U.S.C. 112. This issue against unamended patent claims will not be considered in a reexamination proceeding. 37 CFR 1.906(c). While this issue is not within the scope of reexamination, the patentee is advised that it may be desirable to consider filing a reissue application provided that the patentee believes one or more claims to be partially or wholly inoperative or invalid.

CONCLUSION

Accordingly, reexamination is **GRANTED**. In view of this granting of reexamination, all of claims 1-16 of the U.S. Patent No. 7,096,776 will be reexamined.

**All** correspondence relating to this *inter partes* reexamination proceeding should be directed:

```
By Mail to: Attn: Mail Stop "Inter Partes Reexam"
                  Central Reexamination Unit
                  Commission for Patents
                  P.O. Box 1450
                  Alexandria, VA 22313-1450

By FAX to:  (571) 273-9900
                  Central Reexamination Unit

By hand:          Customer Service Window
                  Attn:  Central Reexamination Unit
                  Randolph Building, Lobby Window
                  401 Dulany St.
                  Alexandria, VA 22314
```

Application/Control Number: 95/001,044                                    Page 19

Art Unit: 3993


Any inquiry concerning this communication or earlier communications from the Reexamination
Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the
Central Reexamination Unit at telephone number (571) 272-7705.


Jimmy G. Foster
Primary Examiner
Central Reexamination Unit 3993

CONF: OKB